IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA BRADLEY-WILLIAMS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 17-3755 |
| v. | : | |
| | : | |
| AGENCY INSURANCE COMPANY | : | |
| OF MARYLAND, INC. and DURHAM | : | |
| INSURANCE GROUP, INC. | : | |
| Defendants. | : | |

MCHUGH, J.                                                                                           OCTOBER 12, 2017

**MEMORANDUM**

This is an action brought by a policyholder against her automobile insurance carrier and the agent who serviced the policy. She alleges that her property damage claim for the total loss of her vehicle to fire was wrongly denied, and that her agent improperly continued to collect premiums on the policy notwithstanding their knowledge of the destruction of the insured property. Defendants have removed this action to federal court, seeking dismissal of the claim against the (non-diverse) agent on the ground that the agent was fraudulently joined, and further seeking dismissal of the entire case on the ground that the Plaintiff violated a condition precedent of the insurance contract by failing to give a recorded statement before bringing this action. I am not persuaded that the agent for the policy was fraudulently joined, and will therefore not reach the merits of the case, but rather remand it to state court.

## Relevant Facts

The complaint alleges that Plaintiff Melinda Bradley-Williams, a Pennsylvania resident, could not find her vehicle as she was leaving for work one morning and reported it missing to the police. The vehicle was found set on fire and destroyed that same day. The vehicle was insured by Agency Insurance Company ("the carrier"), a Maryland corporation, and the policy had been issued through Durham Insurance Group ("the agent"), a Pennsylvania company, which acted on Agency's behalf in issuing the policy and assisted in handling Plaintiff's claim (collectively, "the Defendants").

The claim was investigated by the insurer, which requested a substantial amount of documentation from Plaintiff during the course of its inquiry. Ultimately, Plaintiff was advised that the insurer was rejecting the claim, which included refusal to supply a rental car. According to the complaint, which asserts claims for breach of contract and bad faith, she was specifically told "[the carrier] would not be paying for the claims and to get a lawyer." Compl. ¶ 30. Meanwhile, Plaintiff continued to receive billings from the agent and the carrier for coverage of her destroyed car. She continued to pay the premiums, pleading that she did so because she was "unsure of what to do" and "intimidated" by the aggressive conduct of the carrier. Compl. ¶ 34. She thus alleges that the Defendants collected these payments and failed to remove the vehicle from the policy, despite knowing the vehicle had been destroyed.

## Standard

Under the doctrine of fraudulent joinder, a defendant may remove a non-diverse case if it can establish that all in-state defendants were sued solely to prevent removal to federal court. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). But defendants alleging fraudulent joinder bear a "heavy burden of persuasion," *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) — "if there is even a possibility that a state court would find that the complaint

states a cause of action," then the case must be remanded. *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff*, 977 F.2d at 851–52). To prevail, the defendant must show that there is "no reasonable basis in fact or colorable ground supporting the claim against the joint defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *In re Briscoe*, 448 F.3d at 217). The removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

My review at this stage is limited: the issue is not whether Plaintiff has stated a claim upon which relief can be granted. A defendant claiming fraudulent joinder has an even heavier burden. *Batoff*, 977 F.2d at 852. As Judge DuBois elegantly stated the rule, fraudulent joinder is "reserved for situations where recovery from the non-diverse defendant is a clear legal impossibility." *Salley v. AMERCO,* 2013 WL 3557014 at *3 (E.D. Pa.) (July 15, 2013); *see also Lyall v. Airtran Airlines, Inc.*, 109 F. Supp. 2d 365, 367 (E.D. Pa. 2000) (joinder fraudulent where state claim is "wholly insubstantial or frivolous"). I have jurisdiction only to determine whether I have jurisdiction. I will therefore look no further into the merits of the case than is necessary to make that determination.

**Analysis**

To prevail on a negligence claim, plaintiff must prove that (1) defendant owed her a duty, (2) defendant breached that duty, (3) a causal relationship between the breach and her injury, and (4) damages she incurred. *Kearns v. Minnesota Mut. Life Ins. Co.*, 75 F. Supp. 2d 413, 423 (E.D. Pa. 1999) (citing *Fennell v. Nationwide Mut. Fire Ins. Co.*, 412 Pa. Super. 534, 538, 603 A.2d 1064, 1066 (1992)).

Defendants argue that Plaintiff fails to identify Durham's breach of duty, and in the alternative, fails to plead facts as to how that breach occurred. Plaintiff responds that, as the insurance agent who services her account, Durham owed a duty to Plaintiff, Compl. ¶ 28, and violated its duty to act in her best interest by continuing to process her car insurance premium payments while knowing the vehicle had been destroyed. Compl. ¶¶ 33–36.

Plaintiffs' complaint is not a model of clarity, and Defendants are certainly correct that the principal focus of this ligation will be the conduct of the carrier. Defendants confidently assert that the claim against the agent would not have survived preliminary objections in state court, but chose not to seek a ruling there, one which would have definitively determined whether diversity exists. Having reviewed Pennsylvania law, I find no clear answer, and that ambiguity weighs in favor of remand.

On its face, an agent's continued collection of premiums to insure property that no longer exists seems blameworthy, the type of conduct for which a remedy ought to exist. The parties do not cite, nor has this Court independently found, any Pennsylvania law that addresses such a situation. The case upon which Plaintiff relies in support of the broad proposition that an insurance agent may be sued for negligence in servicing a policy, *Eads v. Smith,* 419 A.2d 129 (Pa. Super. 1980), addressed only the propriety of joining an insurance agent to a pending tort action, without substantive discussion of the duties owed by an agent.[1] Plaintiff does not assert that Durham was a broker she retained to advise her about coverage, and so for present purposes I assume it is an agent and not a broker. Nonetheless, Pennsylvania law regarding the obligations of brokers provides some benchmark, which is that a broker may be sued for breach of the duty of care to an insured, with their actions measured by the traditional standard of

---

[1] I also note that it was subsequently overruled, a fact overlooked by both parties. *Stokes v. Loyal Order of Moose Lodge No. 696*, 502 Pa. 460, 466 A. 2d 1341 (1983).

4

"reasonable" conduct. *See Kearns, supra,* 75 F. Supp. 2d at 423 (citing *Consolidated Sun Ray, Inc. v. Lea*, 401 F.2d 650, 656 (3d Cir. 1968) and *Fennell,* 412 Pa. Super. at 539, 603 A.2d at 1067. At a minimum, such principles would seem to weigh in favor of the claim Plaintiff advances. The defense argues that insurance regulations might have limited Durham's ability to cancel the policy in the absence of a specific request from the insured, but that goes to the ultimate merits of the claim, and not the threshold question of whether a cause of action exists under Pennsylvania law.

In the absence of controlling authority, Defendants argue that I should predict how the Pennsylvania Supreme Court might rule on such a claim, citing *Peer v. Minnesota Mut.Fire & Cas. Com*, 1993 WL 533283 (E.D. Pa. Dec. 23, 1993). Although a federal judge sitting in diversity has the authority, making a prediction "in the absence of a dispositive holding of the state supreme court often verges on the lawmaking function of that state court." *Kennedy v. Allstate Prop. & Cas. Ins. Co.*, 2015 WL 4111816, at *4 (E.D. Pa. July 8, 2015) (citing Dolores K. Sloviter, *A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism*, 78 Va. L.Rev. 1671, 1683 (1992)). This is especially the case where the question is one of legal duty, a decision that is "necessarily rooted in public policy considerations, *i.e.*, [their] ideas of history, morals, justice and society in general in determining where [a] loss should fall," *Gardner by Gardner v. Consol. Rail Corp.*, 524 Pa. 445, 453, 573 A.2d 1016, 1020 (1990) (citing Prosser, *Palsgraf Revisited*, 52 Mich.L.Rev. 1, 14–15 (1953) ("Duty is only a word with which we state our conclusion that there is or is not to be liability.")).

Where jurisdiction exists, a federal court must necessarily make such predictions and determine whether a duty exists under state law, applying the governing state law principles. *See e.g. Stern Family Real Estate Pship v. Pharmacists Mut. Ins. Co.*, 2007 WL 951603, at *4 (W.D.

5

Pa. Mar. 27, 2007). But different considerations apply when the threshold issue is jurisdictional, and the controlling standard is whether there is "even a possibility that a state court would find that the complaint states a cause of action," *Briscoe*, 448 F.3d at 217. Where Pennsylvania law does not expressly prohibit a claim for which there may be a colorable basis, district judges have hesitated to exclude the possibility of a remedy. *Kennedy*, 2015 WL, at *4 (remanding because the law did not expressly preclude a negligence suit against an insurance adjuster for failing to reasonably investigate the insured's claims) (O'Neill, J.); *Gentile v. Travelers Pers. Ins. Co.*, 2007 WL 576663, at *2 (M.D. Pa. 2007) (remanding because no Pennsylvania case expressly precluded a negligence suit against an insurance adjuster by an insured); *Lyall*, 109 F. Supp. 2d at 373 (remanding because "we cannot say [plaintiff's] claims are not colorable . . . on the basis of duties established in earlier Pennsylvania cases, and in the absence of any Pennsylvania cases . . . [where] presently-pleaded facts [have been found not to] state a claim.") (Dalzell, J.).

*Peer* does not lead me to a contrary result, because Judge DuBois had far stronger benchmarks from which to navigate Pennsylvania law. There, plaintiff sought punitive damages from insurance adjusters for certain conduct based on a breach of good faith and fair dealing. *Peer*, 1993 WL at *2. The Pennsylvania Supreme Court had squarely rejected similar claims against insurance carriers, and subsequent decisions from the Superior Court in various factual settings had reinforced the controlling principles of law. *Id.* at *3-4. The case involved application of Pennsylvania law far more than prediction. Similar authority from the Pennsylvania courts, and thus similar clarity, is lacking here.

As noted above, Defendants are correct that the agent's conduct is certainly not the centerpiece of this case. But the question before me is not the size or significance of that portion of Plaintiff's case, but its possible viability, which remains an open question under Pennsylvania

6

law.  Even if I assume that Plaintiff has a goal of defeating diversity by naming the agent, that would not change the analysis, because strategic considerations are irrelevant in determining whether a joinder is fraudulent.  *Chaborek v. Allstate Financial Servcies, LLC*, _____ F.Supp. 3d _____, 2017 WL 2423802, at *4 (E.D. Pa. 2017)[2]; *see also Moorco Int'l, Inc. v. Elsag Bailey Process Automation, N.V.,* 881 F. Supp. 1000, 1006 (E.D. Pa. 1995) (Brody, J.) ("[T]here is nothing improper about formulating and executing an effective litigation strategy, including selecting the most favorable forum for the client's case.").

## Conclusion

Because the possibility exists that a state court could find that Plaintiff has stated a cause of action for negligence against Dunham, joinder is not fraudulent.  Defendants' Motion to Dismiss will be denied, and in the absence of diversity, this case will be remanded.

     /s/ Gerald Austin McHugh
     United States District Judge

---

[2] "In a removal proceeding the motive of a plaintiff joining defendants is immaterial, provided there is in good faith a cause of action against those joined." *Mecom v. Fitzsimmons Drilling Co. Inc.* 284 U.S. 183, 189 (1931); "The fact that the plaintiffs' motive for joining a [non-diverse] defendant is to defeat diversity is not considered indicative of fraudulent joinder." *Abel v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985) (Higginbotham, J.).